[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 410.]

THE STATE OF OHIO, APPELLEE, *v.* HIGGINS, APPELLANT.

[Cite as *State v. Higgins*, 1996-Ohio-18.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when no genuine issue indicating ineffective assistance of appellate counsel exists.*

(No. 95-1892—Submitted November 14, 1995—Decided January 31, 1996.)

APPEAL from the Court of Appeals for Montgomery Count, No. 14335.

————————————

{¶ 1} Appellant, Valerie Higgins, pled no contest to aggravated trafficking in cocaine over one hundred times the bulk amount and was found guilty and sentenced to fifteen years to life imprisonment, as required by R.C. 2925.03(C)(9). Upon appeal, appellant's counsel filed an *Anders* [*Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493] brief "asserting an inability to find any possibly meritorious issues for appellate review." The court of appeals gave appellant the opportunity to file a *pro se* brief, but she did not do so. The court of appeals then affirmed the conviction, agreeing with counsel that there were no meritorious issues. *State v. Higgins* (Dec. 14, 1994), Montgomery App. No. 14335, unreported.

{¶ 2} Subsequently, appellant filed an application to reopen her appeal under App.R. 26(B). She claimed ineffective assistance of appellate counsel for failing "to argue that her plea of no contest was defective for the reason that the trial court failed to advise her that the minimum period of incarceration of fifteen years was required to be served as actual incarceration." The court then examined the transcript; found that the trial court had informed appellant of the maximum period of incarceration, as required by Crim.R. 11(C)(2), and that appellant and her

counsel had executed an entry of waiver and plea that stated that the minimum term of incarceration was fifteen years of actual incarceration; and denied the application to reopen. Appellant appeals to this court.

———————————

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *Carley J. Ingram*, Assistant Prosecuting Attorney, for appellee.

*Valerie Higgins*, *pro se.*

———————————

**Per Curiam.**

**{¶ 3}** Having examined the same portions of the record as the court of appeals, we come to the same conclusion. The trial court advised appellant of the maximum term of incarceration, as required by Crim.R. 11(C)(2), and appellant and her counsel executed the entry of waiver and plea, which stated the period of actual incarceration. Accordingly, there is no genuine issue indicating ineffective assistance of appellate counsel, and the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————